UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD BONOMI,

    Plaintiff,

        v.

CITY AND COUNTY OF SAN FRANCISCO,

    Defendant.

_____/

No. C 10-5847 PJH

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND REMANDING REMAINING STATE CLAIMS**

        The motion of defendant City and County of San Francisco ("the City") for summary judgment came on for hearing before this court on July 11, 2012. Plaintiff Richard Bonomi appeared by his counsel Thomas O'Brien, and the City appeared by its counsel Matthew Conant and Kara Abelson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion for the reasons stated at the hearing, as summarized below.

**BACKGROUND**

        This is case brought under 42 U.S.C. § 1983 against the City and against San Francisco Police Officer Marcic (who has not appeared). Plaintiff filed the original complaint in San Francisco Superior Court on November 12, 2010, and filed a first amended complaint ("FAC") on December 10, 2010. The City filed a notice of removal on December 22, 2010.

        The parties are familiar with the facts – which are largely undisputed – and the court does not recite them here in any detail. Briefly, the complaint arises out of an incident that occurred at Candlestick Park in San Francisco. Plaintiff, who had retired from the California Department of Corrections, following a 26-year career as a prison guard and a

parole agent and revocation agent, was working as a part-time event security guard with a company called Andrews International. On the day of the incident, November 27, 2009, plaintiff was working at a Forty-Niners game at Candlestick Park.

Free passes to games at Candlestick Park have on occasion been made available to members of the community through a program called "Community Door." Prior to the November 27, 2009 game, plaintiff had requested passes for a man named Chris Simmons. His request was approved, and he arranged for Mr. Simmons and his party to enter the stadium.

Mr. Simmons apparently became intoxicated, and when asked by stadium staff to show his ticket, was unable to produce one. He was taken into custody in the San Francisco Police Department substation, and told officers that plaintiff had arranged for him to enter the stadium. The officers contacted plaintiff and asked him to come to the substation. While there, he was questioned by Officer Marcic and other officers.

Plaintiff admitted in his deposition that he was not physically restrained and that the exit was not blocked, but that he nonetheless did not feel free to leave. After a period of some 15 or 20 minutes, the officers asked him to assist them in locating the other members of Mr. Simmons' party in the stadium. After another 15 to 30 minutes, plaintiff returned to the substation. He waited until the officers were free, and entered the substation. Another relatively brief round of questioning ensued, and plaintiff asserts that Officer Marcic accused him of committing a felony by lying in a police investigation.

At some point during this second "round" of questioning, plaintiff's supervisor came onto plaintiff's radio to ask when he could return to his station. Plaintiff asked Officer Marcic what he should do, and claims that "without warning," Officer Marcic "grabbed" or "pulled" the radio microphone from his hand and spoke into it, saying it would be another 30 minutes.

Shortly thereafter, plaintiff's supervisor arrived at the substation, and he and plaintiff then walked back to the office of another supervisor. Plaintiff was briefly suspended pending an investigation. However, he lost no shifts because there were no games during

2

the period of the suspension. He returned to his usual job at Andrews International with the same duties, hours, and pay.

**DISCUSSION**

A.   Legal Standard

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (citation and quotation omitted). Thus, summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." <u>Id.</u> A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. <u>Id.</u>

Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. <u>Soremekun v.Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. <u>Celotex</u>, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. <u>Anderson</u>, 477 U.S. at 250; <u>see also</u> Fed. R. Civ. P. 56(c), (e).

When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor.

Anderson, 477 U.S. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir. 2011). However, a motion for summary judgment "cannot be defeated by mere conclusory allegations unsupported by factual data." Angel v. Seattle First Nat. Bank, 653 F.2d 1293, 1299 (9th Cir. 1981). Further, a plaintiff's "mere argument does not establish a genuine issue of material fact to defeat summary judgment." MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir. 1993).

B.  The City's Motion

Plaintiff alleges nine causes of action in the first amended complaint ("FAC"). Pursuant to a stipulation filed on June 11, 2012, the parties agreed to a dismissal of the first cause of action (false arrest under 42 U.S.C. § 1983), the fourth cause of action (refusing or neglecting to prevent constitutional violations, under § 1983), and the ninth cause of action (intentional interference with contractual relations). In the present motion, the City seeks summary judgment as to the second cause of action (excessive force under § 1983), the third cause of action (detention and confinement under § 1983), the fifth cause of action (tort claim for false arrest and imprisonment), and the eighth cause of action (tort claim for intentional infliction of emotional distress). The City argues that plaintiff lacks evidence to support any of these causes of action.

1.  Excessive force

In the second cause of action for excessive force, plaintiff alleges that defendants subjected him to more force than was reasonably necessary under the circumstances, thereby denying him of "both his liberty without due process of law and his right to equal protection of the laws, . . . in violation of the Fifth and Fourteenth Amendments of the Constitution" and § 1983. FAC ¶¶ 18-19.

The City asserts that summary judgment should be granted as to the second cause of action because plaintiff has not identified a federal right for which he can seek relief under § 1983; because the Fifth and Fourteenth Amendments are inapplicable; and because the evidence is not sufficient to create a triable issue as to excessive force within the meaning of the Fourth Amendment.

4

Although plaintiff asserted this cause of action under the Fifth Amendment and the Fourteenth Amendment, his counsel conceded at the hearing that he was not bringing a Fifth Amendment Due Process claim or a Fourteenth Amendment Equal Protection claim, and also conceded that Fourth Amendment and not Fourteenth Amendment analysis applies. Plaintiff's counsel also indicated that the excessive force claim is based solely on the incident involving Officer Marcic's grabbing or pulling of plaintiff's microphone.

The second cause of action fails because plaintiff fails to provide any evidence showing that the force used, judged objectively from the perspective of a reasonable officer in light of the circumstances, was excessive within the meaning of the Fourth Amendment. The court finds that the undisputed evidence establishes that the nature and quality of the intrusion on plaintiff's Fourth Amendment interests was minute in comparison to the countervailing government interests at stake. See Graham v. Connor, 490 U.S. 386, 393-97 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001). Indeed, the court was unable to locate any evidence in the record showing that the officers even made any actual physical contact with plaintiff.

       2.       Unlawful detention and confinement

In the third cause of action for unlawful detention and confinement, plaintiff alleges that as a result of the alleged detention and confinement, he was "deprived . . . of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded," in violation of the Fifth and Fourteenth Amendments and § 1983. FAC ¶ 22.

The City argues that summary judgment should be granted as to the third cause of action for reasons similar to those argued above – that the Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal Protection Clause are inapplicable; and that plaintiff has failed to provide evidence sufficient to create a triable issue as to unlawful detention within the meaning of the Fourth Amendment.

Again, while plaintiff asserted this cause of action under the Fifth and Fourteenth Amendments, his counsel conceded at the hearing that he was not bringing a Fifth

5

Amendment Due Process claim or a Fourteenth Amendment Equal Protection claim, and also conceded that Fourth Amendment and not Fourteenth Amendment analysis applies. Plaintiff's counsel also indicated that the unlawful detention claim was alleged solely based on the second portion of the detention – after plaintiff left the police substation and then returned again – and not on the initial portion.

The third cause of action for unlawful detention and confinement fails because plaintiff provides no evidence showing that the investigatory stop or detention was unreasonable. An investigatory detention – a brief, warrantless seizure by police officers – is lawful if based on reasonable suspicion. Terry v. Ohio, 392 U.S. 1, 20-21 (1968). "The Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity 'may be afoot.'" United States v. Arvizu, 534 U.S. 266, 273 (2002) (citations and quotations omitted).

At the hearing, plaintiff's counsel argued that the second portion of the detention was unreasonable, but he also conceded that there was no evidence in the record to support this assertion. Counsel termed his conclusion a "leap of logic based on circumstantial evidence." Unfortunately, this is not sufficient to meet plaintiff's burden as the party opposing summary judgment. The court finds that the undisputed evidence establishes that the officers had reasonable suspicion that plaintiff had engaged in unlawful activity and conducted a lawful investigatory detention to confirm or dispel their suspicions. U.S. v. Sharpe, 470 U.S. 675, 685-87 (1985); Gallegos v. City of Los Angeles, 308 F.3d 987, 991 (9th Cir. 2002).

     3.    False arrest and imprisonment

In the fifth cause of action for false arrest and imprisonment, plaintiff alleges that defendants "acted with the intention of confining plaintiff within fixed boundaries," that "the act directly or indirectly resulted in his confinement," that "plaintiff was conscious of his confinement," and defendants "imposed by force or threats an unlawful restraint upon plaintiff's freedom of movement." FAC ¶¶ 32-33.

The elements of a tort claim of unlawful imprisonment are 1) the nonconsensual,

6

intentional confinement of a person, 2) without lawful privilege, and 3) for an appreciable period of time, however brief. Blaxland v. Commonwealth Dir. of Pub. Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003) (quoting Easton v. Sutter Coast Hosp., 80 Cal. App. 4th 485, 496 (2000)).

The City contends that summary judgment should be granted as to the fifth cause of action because the evidence shows that the officers had a right to detain plaintiff for questioning or other limited investigation, and because there was a reasonable suspicion of unlawful activity.

The court finds that summary judgment must be granted because the undisputed evidence does not establish that the confinement was without lawful privilege. As stated above, the officers had reasonable suspicion of unlawful activity and in response, conducted a lawful investigatory detention. Asgari v. City of Los Angeles, 15 Cal. 4th 744, 757 (1997); Fermino v. Fedco Inc. 7 Cal. 4th 701 (1994).

4.  Intentional infliction of emotional distress

In the eighth cause of action, plaintiff alleges that defendants intentionally inflicted emotional distress on him by "falsely arresting and imprisoning" him, and by "conspiring against Smith" or by "interfering with Smith's [sic] state civil rights."[1] FAC ¶ 47. Plaintiff also alleges that defendants' conduct was "extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community." FAC ¶ 48.

The elements of a claim of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress by plaintiff; and (3) actual and proximate causation between the two. Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993). To be outrageous, the defendant's conduct must be either intentional or reckless, and it must be so extreme as to

---

[1] At the hearing, plaintiff's counsel stated that the reference to "Smith" must be a "typo," and that he did not know who had drafted the complaint. In addition, he was unable to identify the alleged conspirators mentioned in the IIED cause of action.

7

exceed all bounds of decency in a civilized community.  Id.  However, malicious or evil purpose is not essential to liability.  KOVR-TV v. Superior Court, 31 Cal. App. 4th 1023, 1031 (1995).

       The City asserts that summary judgment should be granted as to the cause of action for intentional infliction of emotional distress because there is no evidence showing that the officers' conduct at any time rose to the level of extreme and outrageous.

       The court finds that summary judgment must be granted as to the eighth cause of action because plaintiff has provided no evidence sufficient to establish the essential elements of an IIED claim.  In particular, the undisputed evidence does not show that the officers' conduct was outrageous and there is no evidence that the officers intended to cause plaintiff emotional distress or that plaintiff indeed suffered severe or extreme emotional distress.

C.     Status of Officer Marcic

       Following the hearing on the City's motion, the court issued an order directing plaintiff to clarify the status of Officer Marcic as a defendant in this action, by filing a proof of service of the summons and the FAC.  Plaintiff complied with this request on July 16, 2012, filing a declaration of his counsel Gregory S. Walston stating that his firm had "hired" a Rachel Walker to file and serve the FAC on the named defendants, that "according to [the] file," his "office" called the San Francisco City Attorney's Office and was informed by "[t]he person who answered the phone" that the City Attorney would accept service of the summons on behalf of both the City and Officer Marcic.  Mr. Walston stated further that "to the best of [his] knowledge," Ms. Walker advised "the person who accepted service" that service was being made on both the City and Officer Marcic.

       The court has reviewed plaintiff's submission, and the City's response thereto, and finds that Officer Marcic was not properly served.  Although Mr. Walston states that he has personal knowledge of the facts stated in the declaration, that assertion is belied by the information actually provided.  Moreover, there is no declaration from Ms. Walker setting forth her personal knowledge regarding any alleged agreement by anyone at the City

Attorney's Office to accept service on behalf of Officer Marcic. Mr. Walston has attached copies of the proofs of service, which he claims "to the best of his knowledge" were signed by Ms. Walker on December 10, 2010, but it is clear that any information he actually has was obtained from "the file."

More importantly, the proof of service on Officer Marcic is itself deficient. First, it does not comply with the requirements for substitute service, as set forth in California Code of Civil Procedure § 415.20, as it does not state that a copy of the summons and complaint was mailed to the person to be served at the place where the copy of the summons and complaint was left. In addition, the City Attorney's Office is not Officer Marcic's home or place of business, and was therefore not a proper place for service under § 415.20.

Second, the proof of service does not state the name or physical description of the person who is alleged to have accepted service; rather, it simply states "left with secretary." See Cal. Civ. P. Code § 417.10(a) (proof of service made within this state must "recite or in other manner show the name of the person to whom a copy of the summons and of the complaint were delivered, and, if appropriate, his or her title or the capacity in which he or she is served"). Where the person accepting service refuses to provide a name, the server must at a minimum provide a physical description of that person. See, e.g., Trackman v. Kenney, 187 Cal.App. 4th 175, 183-85 (2010).

Third, Officer Marcic's last name is misspelled, as "Marci," and no first name is provided, with the result that it would not have been clear to anyone accepting service exactly who was being sued.

Because plaintiff has failed to establish that he served Officer Marcic within the prescribed 120 days, the court finds that Officer Marcic must be dismissed from the case pursuant to Federal Rule of Civil Procedure 4(m).

## CONCLUSION

Plaintiff has presented no evidence sufficient to create a triable issue as to the second, third, fifth, or eighth cause of action, and has therefore failed to meet his burden under Rule 56. Accordingly, the court hereby GRANTS the City's motion for summary

judgment as to those causes of action.[2]

Remaining in the case are two causes of action for assault and battery. The court declines to exercise jurisdiction over those state law claims, see 28 U.S.C. § 1367(c)(3), and REMANDS those claims to the Superior Court of California, County of San Francisco.

**IT IS SO ORDERED.**

Dated: July 18, 2012

PHYLLIS J. HAMILTON
United States District Judge

---

[2] It is not clear why the City did not also seek summary judgment as to the second and third causes of action based on plaintiff's failure to establish liability under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), or as to the state law claims based on various governmental immunities.